# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30888

United States Court of Appeals
Fifth Circuit

**FILED**
May 20, 2019

Lyle W. Cayce
Clerk

In the Matter of:  HAROLD L. ROSBOTTOM, JR.

Debtor

HAROLD L. ROSBOTTOM, JR.,

Appellant

v.

GERALD H. SCHIFF; LOUISIANA TRUCK STOP AND GAMING, L.L.C.,

Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-638
USDC No. 5:17-CV-668

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Harold L. Rosbottom, Jr., appeals the judgment of the district court affirming the bankruptcy court's Order Granting Motion for Final Decree. Because we find no error, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30888

## I.

On June 9, 2009, Rosbottom filed a Chapter 11 Voluntary Petition for bankruptcy. On February 18, 2010, the United States Trustee appointed Gerald H. Schiff as the Chapter 11 Trustee under 11 U.S.C. § 1104. The Chapter 11 plan was confirmed on May 1, 2013. Schiff filed a Motion for Final Decree on October 31, 2016. After numerous continuances, a hearing was held on March 23, 2017. Rosbottom, who is incarcerated in relation to financial misdeeds underlying the bankruptcy, had requested and received permission to appear telephonically but was unable to attend the hearing telephonically because of a security concern at the federal prison. As a result of Rosbottom's inability to attend the hearing, the bankruptcy court allowed him access to the hearing transcript and allowed him to file a post-hearing memorandum. On May 1, 2017, the bankruptcy court entered an Order Granting Motion for Final Decree closing the case. As a result of the final decree being granted and the case being closed, the bankruptcy court entered thirteen separate orders denying as moot various motions filed by Rosbottom.

Thereafter, Rosbottom appealed, arguing that: 1) the bankruptcy court violated his due process rights and Fed. R. Bankr. P. 9029 and Fed. R. Civ. P. 83(a)(2) by excluding Rosbottom's evidence in opposition to the Final Decree Order by operation of the bankruptcy court's standing order regarding telephonic appearances; 2) the bankruptcy court erred in never ruling upon and deeming moot by its Final Decree Order pending "substantive" motions to modify the confirmed Chapter 11 Reorganization Plan; and 3) the bankruptcy court erred in its opinion that Rosbottom lacked cognizable legal interest in a contest matter initiated by a timely motion to modify the confirmed Chapter 11 Reorganization Plan and ruling that it was impossible for the court to grant Rosbottom any effectual relief both before and after it entered its Final Decree

No. 18-30888

Order.  The district court affirmed.  *Rosbottom v. Schiff* (*Rosbottom I*), 2018 WL 2946400 (W.D. La. 2018).  Subsequently, Rosbottom filed this appeal.

II.

The bankruptcy court has a rule prohibiting presentation of evidence telephonically.  Rosbottom challenges this rule as violating his due process rights.  We conclude that the rule does not facially violate due process, as many litigants are able to participate in person either via an attorney or by themselves.  *See Associated Builders & Contractors of Tex., Inc. v. NLRB*, 826 F.3d 215, 220 (5th Cir. 2016) (recognizing that a facial challenge to a rule requires a showing of "no set of circumstances" in which the rule would be valid (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006))).  We also conclude that, while there could be circumstances where application of this rule in a given case could create due process concerns, Rosbottom has failed to show that his due process rights were violated in this particular situation. Specifically, the District court agreed with the bankruptcy court, which stated: "*Pro se* debtors may represent[] themselves, but are assured no additional rights than any other litigant.  The debtor could have hired an attorney, or sought other legal process to appear at the hearing." *Rosbottom I*, 2018 WL 2946400, at \*4.  While claiming indigency, Rosbottom cites no record evidence to support his contention that he could not have hired an attorney, nor does he contend that he sought and was denied the ability to obtain counsel.  He also does not challenge the statement that he could have "sought other legal process to appear at the hearing."[1]  Accordingly, we conclude that this particular situation presents no error in this regard.

---

[1] We agree with the district court's analysis of Rosbottom's challenge to the telephone rule based on Federal Rule of Bankruptcy Procedure 9029(b). *Rosbottom I*, 2018 WL 2946400, at \*4–5.

3

No. 18-30888

With respect to the merits of the district court's ruling on the second and third issues raised, we have considered this appeal on the basis of the briefs, the record, and the applicable law.  Having done so, we conclude that Rosbottom has not established reversible error in those rulings.  AFFIRMED.

Judge Ho concurs in the judgment only.